# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**MANUEL BONILLA,**

      **Petitioner,**

      **v.**

**WARDEN THOMPSON,**

      **Respondent.**

**Civil Action No. 25-11984 (SDW)**

**OPINION**

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") filed by Petitioner Manuel Bonilla, a federal prisoner presently detained in FCI Fort Dix.  (ECF No. 1).

2.      Petitioner, a citizen of Mexico, submitted several documents regarding an immigration detainer issued by the Department of Homeland Security ("DHS").   (ECF No. 1 at 14).  The documents request a variety of relief including a removal hearing, (*id.* at 10); reopening of the immigration removal detainer order for a reasonable fear determination, (ECF No. 1-2 at 1); an application of an adjustment of status before reinstating the prior removal order, (*id.* at 6); and a transfer to the United States Court of Appeals for the Fifth Circuit, (*id.* at 7).

3.      "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

4.      A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973*); see also Muhammad v. Close*, 540 U.S. 749 (2004).

5.      A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A *pro se* habeas petition must be construed liberally.  *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).  Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

6.      This Court cannot provide the requested relief under § 2241.  The REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005) ("RIDA"), amended 8 U.S.C. § 1252 to state that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).

7.      Section 106(a) of RIDA "substituted petitions for review, filed with the courts of appeals within the first 30 days after issuance of an order of removal, as the sole vehicle whereby aliens could challenge their removal."  *Kolkevich v. Attorney Gen. of U.S.*, 501 F.3d 323, 326 (3d Cir. 2007); *see also Gonzalez-Lora v. Warden Fort Dix FCI*, 629 F. App'x 400, 401 (3d Cir. 2015) (per curiam).

8.      The actions and hearings requested by Petitioner fall within RIDA's restrictions on district courts' jurisdiction.

9.     This Court also may not remove the detainer against Petitioner.  "An immigration detainer 'is a request for notice of a prisoner's release,' and may be issued '[i]n the case of an alien who is arrested by a Federal, State, or local law enforcement official for a violation of any law relating to controlled substances ... .'" *Allen v. Holder*, No. 13-cv-5736, 2016 WL 4402820, at *3 (D.N.J. Aug. 17, 2016) (alternation and omission in original) (quoting *Galarza v. Szalczyk*, 745 F.3d 634, 641 (3d Cir. 2014); 8 U.S.C. § 1357(d)).  "[This] Court cannot order the removal of a valid request for notice" using § 2241. *Id.*

10.     This Court would have jurisdiction pursuant to § 2241 to order a bond hearing in certain circumstances. *See German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020).  However, those circumstances are not present here because Petitioner is not yet in DHS's custody.

11.     This Court will decline to transfer the petition to the Fifth Circuit as Petitioner requests.  At present, Petitioner is in the custody of the Bureau of Prisons, not immigration authorities.  (ECF No. 1).  "Although it is presumed that immigration proceedings will commence upon the conclusion of Petitioner's custodial term, …  Petitioner must wait until immigration proceedings have commenced before challenging his removal status in the appropriate Court of Appeals … ." *Afolabi v. Ortiz*, No. 19-cv-8802, 2020 WL 1329935, at *3 n.2 (D.N.J. Mar. 23, 2020), *aff'd sub nom. Afolabi v. Warden Fort Dix FCI*, 821 F. App'x 72 (3d Cir. 2020).  Nothing in this Opinion prohibits Petitioner from filing a petition for review in the Fifth Circuit himself, however.

12.     This Court finds that it has no jurisdiction over the § 2241 Petition and will dismiss it accordingly.

13.    An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: August 22, 2025